# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ARLENE D. ARAGON,**

       **Plaintiff,**

**v.**                                                      **CIV. No. 99-628 JP/LFG**

**NATIONAL HOME HEALTHCARE, INC.,**
a Texas Corporation,

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

On July 15, 1999, Plaintiff filed a Motion to Remand Plaintiff's Causes of Action to State Court (Doc. No. 6). After reviewing the briefs and the applicable law, I conclude that Plaintiff's motion should be denied.

### BACKGROUND

On April 16, 1999, Plaintiff Arlene Aragon filed her complaint in state district court. She served the complaint on Defendant on April 20, 1999. Defendant National Home Healthcare, Inc. exercised its right to a peremptory challenge of the assigned state district court judge on April 22, 1999.[1] A new judge was assigned on May 6, 1999. On May 11, 1999, Plaintiff's counsel made a written settlement offer asking for lost back wages of $4,500.00, emotional pain and suffering of $80,000.00, and punitive damages of $1,000,000.00. (Settlement Letter, Ex. C to Defendant's Resp.) Defendant removed this action to federal district court on June 4, 1999.

---

[1] Under the New Mexico Rules of Civil Procedure, each party has the right to exercise one peremptory challenge to a state district court judge. *See* 1999 NMRA 1.088.1.

## LEGAL STANDARD

Federal court jurisdiction is to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing that removal was properly accomplished. *Id*.

## DISCUSSION

Defendant argues that it properly removed to federal district court under 28 U.S.C. § 1446(b), which states, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of . . . [an] other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." Because Plaintiff's complaint did not reveal that the amount in controversy for diversity jurisdiction was satisfied, Defendant contends that it did not realize the case was removable on April 22, 1999, when it exercised its right to a peremptory challenge of the state district court judge assigned to the case. According to Defendant, it first became aware that the case was removable when Defendant received Plaintiff's May 11, 1999, written settlement offer of $1,084,000.00.

Although Plaintiff concedes that "Defendant may not have known right away that the amount in controversy exceeded $75,000.00," Plaintiff nevertheless contends that Defendant waived its right to remove because "Defendant was under no time constraint to strike the State Court Judge prior to concluding that the matter could be removed." (Reply at 1; Mot. at ¶ 6.) In support of its contention that a defendant waives its right of removal when its actions manifest an

intent to proceed in state court, Plaintiff cites *Scholz v. RDV Sports, Inc.*, 821 F.Supp. 1469 (M.D.Fla. 1993).

*Defendant timely removed to federal district court*

Although Plaintiff seems to agree that Defendant could not have known from the face of Plaintiff's complaint that the case was removable, this issue must be briefly addressed before determining whether Defendant waived its right of removal. Had Defendant attempted to remove this case based on the allegations of Plaintiff's complaint, this action almost certainly would have been remanded to state court under 28 U.S.C. § 1447(b) and *Laughlin v. KMart Corp.*, 50 F.3d 871 (10th Cir.) (holding that the federal district court should have remanded case to state court when the plaintiff's complaint merely alleged that the amount in controversy was $10,000.00 because neither the complaint nor the notice of removal established the requisite jurisdictional amount), *cert. denied*, 516 U.S. 862 (1995). It was not until Defendant received the May 11, 1999, written settlement offer that Defendant could have intelligently ascertained that the amount in controversy exceeded $75,000.00 and the case was removable. *See Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998) ("[T]his court requires clear and unequivocal notice from the pleading itself, or a subsequent 'other paper'" before the thirty day clock for removal begins to run), *cert. denied*, 119 S.Ct.1756 (1999); *Stramel v. GE Capital Small Bus. Fin. Corp.*, 955 F.Supp. 65, 68 (E.D. Tex. 1997) (holding that plaintiff's $950,000.00 demand letter was an "other paper" from which defendant could have first ascertained the case was removable); *Chaves v. Kincaid*, 15 F.Supp.2d 1118, 1124 (D.N.M. 1998) (holding that letter from plaintiff's attorney to defendants' attorneys was an "other paper" from which defendants could have intelligently ascertained that the case was removable). Because Defendant removed to federal district court on

June 4, 1999, which was within thirty days of receiving Plaintiff's May 11, 1999, written settlement offer, Defendant's removal was timely under 28 U.S.C. § 1446(b).

*Defendant did not waive its right of removal*

The primary issue to be decided is whether Defendant waived its right of removal by exercising its right to a peremptory challenge of the assigned state district court judge before Defendant received the Plaintiff's May 11, 1999, written settlement offer alerting Defendant that the amount in controversy was satisfied and the case was removable. The question really answers itself.

Waiver occurs when a defendant "manifest[s] an intent to litigate in the state court . . . ." *Heafitz v. Interfirst Bank of Dallas*, 711 F.Supp. 92, 96 (S.D.N.Y.1989); *see Scholz v. RDV Sports, Inc.*, 821 F.Supp. 1469, 1470 (M.D.Fla.1993) ("A defendant waives its right to remove by proceeding to defend the action in state court or otherwise invoking the process of the state court."). In *Aiken*, a recent Tenth Circuit opinion addressing waiver, the plaintiffs argued that one of the defendants was "barred from consenting to removal because it had previously filed a motion for summary judgment in state court." *Aiken*, 156 F.3d at 1036. In support of their argument, the plaintiffs cited to *Scholz*, 821 F.Supp. 1469. *Id*. The *Aiken* court found *Scholz* inapposite because there the defendant had filed motions and scheduled motion hearings *after* receiving notice from the plaintiff's complaint that the case was removable, while in *Aiken* the defendant's filing of the motion for summary judgment occurred "*before* it was unequivocally apparent that the case was removable." *Id.* at 1036 & n.7 (emphasis added). Thus, in *Aiken* the Tenth Circuit held that "a defendant who actively invokes the jurisdiction of the state court and interposes a defense in that forum is not barred from the right to removal *in the absence of*

4

*adequate notice of the right to remove.*" *Id*. (emphasis added); *see also* 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 107.18 [3][a] (3d ed. 1999) ("A defendant may waive the right to remove a state court action to federal court by taking actions in state court, *after it is apparent that the case is removable*, that manifest the defendant's intent to (1) have the case adjudicated in state court and (2) abandon the right to a federal forum.") (emphasis added).

This case is distinguishable from *Scholz* and controlled by *Aiken* because here Defendant did not know the case was removable until *after* it had exercised its right to a peremptory challenge of the assigned state district court judge. Because Defendant sought to recuse the state district court judge "*before* it was unequivocally apparent that the case was removable," *Aiken*, 156 F.3d at 1036 (emphasis added), the Defendant's exercise of its right to a peremptory challenge of the assigned state district court judge did not manifest Defendant's intent to litigate in state court. Hence, Defendant did not waive its right of removal to this federal district court.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand Plaintiff's Causes of Action to State Court (Doc. No. 6) is DENIED.

_____
UNITED STATES DISTRICT JUDGE